# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARD OWENS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-485** |
| **UNITED STATES OF AMERICA** | **SECTION I** |

## ORDER & REASONS

Before the Court is the government's motion to dismiss plaintiff Leonard Owens, Jr.'s ("Owens") complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Tort Claims Act. For the following reasons, the motion is granted.

## I.

This case arises out of a surgery that Dr. Martin W. Moehlen ("Dr. Moehlen") performed on Owens at Tulane University Hospital and Clinic ("Tulane"). Owens, who is a veteran, alleges that he sought treatment at Tulane through the United States Department of Veterans Affairs (the "VA").[1] On March 31, 2017, Dr. Moehlen performed a liver biopsy on Owens, during which Owens asserts that Dr. Moehlen negligently perforated his gallbladder, causing him injuries and requiring him to undergo an otherwise unnecessary surgery.[2]

Owens alleges that, at all material times, Dr. Moehlen was a doctor employed and provided by the United States, through the VA.[3] He further alleges that Dr.

---

[1] *See* R. Doc. No. 1, at 3.
[2] *See id.*
[3] *Id.*

Moehlen was acting in the scope of his employment with the government when he performed the biopsy.[4] Owens sued the government for medical malpractice under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (the "FTCA").

## II.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When applying Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).[5]

"A factual attack on the subject matter jurisdiction of the court . . . challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as

---

[4] *Id.* at 4.
[5] On April 11, 2019, the Court held a telephone conference with counsel participating on behalf of both parties. The parties clarified that, although they dispute how the documents they both submitted in support of their positions should be interpreted, there is no dispute as to the authenticity of the documents or the information contained therein. Parenthetically, Owens has not requested jurisdictional discovery with respect to the jurisdictional issue. *See Jasper v. Fed. Emergency Mgmt. Agency*, 414 F. App'x 649, 652 (5th Cir. 2011).

affidavits and testimony, are considered." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A Apr. 1981).[6] If the defendant makes a factual attack on the Court's jurisdiction by "submit[ting] affidavits, testimony, or other evidentiary materials," then the plaintiff "is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

The FTCA grants district courts jurisdiction over claims for monetary relief brought against the federal government for the negligent or wrongful act of its employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act . . . occurred." 28 U.S.C. § 1346(b)(1); *Spotts*, 613 F.3d at 566. In other words, "[t]he FTCA constitutes a 'limited waiver of sovereign immunity,'" making the United States "liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Linn v. United States*, 281 F. App'x 339, 344 (5th Cir. 2008) (quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976)). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must

---

[6] A motion to dismiss for lack of subject matter jurisdiction may take two forms—a facial attack or a factual attack. *Oaxaca*, 641 F.3d at 391. A facial attack challenges the complaint, "requiring the court merely to assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the complaint as true." *Id.* By contrast, a factual attack "challenges the facts on which jurisdiction depends." *Id.* As stated herein, when resolving a factual challenge, the Court may consider evidence beyond the facts stated in the complaint. *Id.*

3

resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

The FTCA is subject to various exceptions, however, including the "independent-contractor exception," which "must be given due regard when a court considers whether jurisdiction exists." *Linn*, 281 F. App'x at 344. "By its own terms, the FTCA only waives sovereign immunity for injuries caused by an 'employee of the Government,' § 1346(b)(1), but excludes from that waiver injuries caused by 'any contractor with the United States . . . .'" *Id.* (quoting *Orleans*, 425 U.S. at 813–14 (quoting § 2671)).[7]

The government asserts that Dr. Moehlen was not acting as a government employee when he performed the liver biopsy on Owens.[8] It contends, rather, that Dr. Moehlen was a Tulane employee and, therefore, an independent contractor.[9] As a result, the government argues that the Court must dismiss this action for lack of subject matter jurisdiction.[10]

---

[7] The FTCA defines an "[e]mployee of the government" to include "officers or employees of any federal agency, members of the military or naval forces of the United States, . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.
[8] R. Doc. No. 4-1, at 1.
[9] *Id.*
[10] *Id.* at 1–2. As an alternative to his argument that Dr. Moehlen was a government employee at the time of Owens's surgery, Owens argues that, "at the very least[,] there are numerous factual determinations that should be determined by a jury." R. Doc. No. 6, at 4–5. Owen's alternative argument misunderstands the issue before the Court. As a threshold matter, the Court must determine whether subject matter jurisdiction exists—which requires the Court to make an initial finding as to whether Dr. Moehlen was a government employee or an independent contractor when he performed the biopsy. "[I]f the [surgery] was not [performed] by 'an employee of the

4

## III.

"The critical factor in distinguishing an independent contractor from an employee 'is the power of the Federal Government to control the detailed physical performance of the contractor.'" *Rodriguez v. Sarabyn*, 129 F.3d 760, 765 (5th Cir. 1997) (quoting *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993)) (internal quotations omitted). In addition, the Fifth Circuit has relied on the factors listed in § 220 of the Restatement (Second) of Agency, which are as follows:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; (i) whether or not the parties believe they are creating the relation of master and servant; and (j) whether the principal is or is not in business.

*See Linkous*, 142 F.3d at 275–76 (citing *Rodriguez*, 129 F.3d at 765); *see also Salazar v. United States*, 633 F. Supp. 2d 232, 236 (E.D. La. 2009) (Lemelle, J.); *Miller v. McElwee Brothers, Inc.*, No. 05-4239, 2007 WL 2284546, at *5 (E.D. La. Aug. 6, 2007) (Fallon, J.).

"If the government lacks the power to directly control an individual, then the court must look at other factors." *Linkous*, 142 F.3d at 276. The determination of

---

Government,' then the court *must* dismiss for lack of subject matter jurisdiction" under Rule 12(b)(1), and there are no issues to submit to a jury. *See Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

5

whether an individual is an employee or an independent contractor "does not require mathematical precision." *Id.* If, however, "the government lacks the power to control the individual, plus several factors listed in § 220 weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor." *Id.*

The government concedes that Dr. Moehlen is a VA employee.[11] It argues, however, that Dr. Moehlen is also a Tulane employee and that he was working in his capacity as a Tulane physician when he performed the biopsy on Owens on March 31, 2017.[12] Having reviewed the evidence in the record, Owens's complaint, the parties' briefs, and the applicable law—including the Restatement factors—the Court agrees: Dr. Moehlen was, in fact, acting as a Tulane employee, and thus as an independent contractor, when he performed the biopsy.

First, and most importantly, there is no evidence that the government exercised any power over Dr. Moehlen that would have allowed it to control the "detailed physical performance" of the surgery. *Rodriguez*, 129 F.3d at 765 (citation omitted); *see also Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010) (describing this factor as the "key inquiry in determining whether an individual is an employee of the government or an independent contractor"). Although Owens sought treatment through the VA, he ultimately received the biopsy through services provided by Tulane in accordance with the Veterans Choice Program (the "VCP"),

---

[11] *See* R. Doc. No. 4-1, at 3; R. Doc. No. 4-7, at 1 (declaration of Dr. Moehlen, in which he attests that he has been employed as a VA physician since July 2013).
[12] R. Doc. No. 4-1, at 3; R. Doc. No. 4-7, at 1.

6

which "furnish[es] hospital and medical services to eligible veterans through eligible non-VA health care providers."[13] According to Rodney Campbell ("Campbell"), a VA employee in New Orleans, Louisiana, Tulane was participating in the VCP when Owens underwent the biopsy in March 2017.[14] Campbell's statement is supported by a completed Veterans Health Administration Choice Approval for Medical Care Form 10-0386, which shows that an authorized VA representative deemed Owens eligible to undergo the biopsy through the VCP.[15]

Therefore, when Dr. Moehlen performed the biopsy on Owens, the Court finds that he did so as a Tulane physician providing services rendered via the VCP—separate and apart from his employment with the VA. *See, e.g.*, *Mantiply v. United States*, 634 F. App'x 431, 434 (5th Cir. 2015) (finding that a doctor assigned to a VA hospital via a contract between the VA and a third-party company was an independent contractor); *Peacock*, 597 F.3d at 659–60 (finding that a cardiologist employed by a university which provided services to the VA by contract was an independent contractor).[16] This comports with the time and attendance records

---

[13] R. Doc. No. 4-3, at 3 (Veterans Health Administration Directive 1700, which outlines policy implementation of the VCP).
[14] R. Doc. No. 4-4, at 1 (declaration of Campbell).
[15] R. Doc. No. 4-5, at 1.
[16] In *Mantiply*, the Fifth Circuit noted that its holding was "in line with the holdings of other circuits." *Mantiply*, 634 F. App'x at 434 (citing *Robb v. United States*, 80 F.3d 884, 890 (4th Cir. 1996) ("The circuits have consistently held that physicians either in private practice or associated with an organization under contract to provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes.") and *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir. 1993) ("The circuit courts are unanimous in holding that a contract physician is not an employee of the government under the FTCA.")).

submitted by the government, which show that, on March 31, 2017, the date of the biopsy, Dr. Moehlen only worked for the VA between 12:30 and 1:30 p.m.[17] According to Dr. Moehlen's declaration, he performed the surgery at 10:45 a.m.[18] Moreover, the operative notes in the surgical case record reflect that the procedure began at 10:55 a.m. and was completed no later than 11:07 a.m.—outside the window of time during which Dr. Moehlen worked as a VA employee on that date.[19] Thus, if any entity had control over the details of Dr. Moehlen's performance, it would have been Tulane as Dr. Moehlen's employer at the time he performed the surgery.

Restatement factors (b) through (d) also weigh in favor of finding that Dr. Moehlen was an independent contractor. "Due to the nature of his work as a [ ] surgeon, [Dr. Moehlen] was engaged in a distinct occupation requiring a high degree of skill and performed work normally done by a specialist without supervision." *Creel v. United States*, 598 F.3d 210, 214 (5th Cir. 2010); *see also Peacock*, 597 F.3d at 659 (finding that factors (a) through (d) weighed in favor of independent-contractor status because of the "nature" of the individual's work "as a physician") (citing *Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir. 1989) ("It is uncontroverted that a physician must have discretion to care for a patient and may not surrender control over certain medical details.")).

Factors (e) and (i) also support the government's contention that Dr. Moehlen was an independent contractor: the surgery was performed at Tulane University's

---

[17] *See* R. Doc. No. 4-8, at 1.
[18] R. Doc. No. 4-7, at 1.
[19] R. Doc. No. 6-6, at 39.

8

hospital, so the VA did not supply the medical tools. Indeed, the record reflects that Owens needed to undergo the surgery at Tulane because the VA did not perform liver biopsies at its own facility.[20] Dr. Moehlen attests that he performed the biopsy as a Tulane physician, providing Owens limited care through the VCP. The evidence therefore demonstrates that the parties believed they were engaged in an independent-contractor relationship, rather than an employment relationship, for the relevant time period. This is supported by the fact that Dr. Moehlen delineated his work for the VA from his work for Tulane by actively clocking in during the time he worked in his capacity as a VA physician on the day of the surgery.[21]

Owens relies on the time stamps of multiple medical records from the day of the biopsy to support his assertion that Dr. Moehlen performed the biopsy as a VA physician.[22] However, if anything, the records support the government's contention that Dr. Moehlen performed the biopsy as a Tulane physician. For example, Owens refers to an operative note that provides details of the procedure.[23] The note was completed and electronically signed on March 31, 2017—the same day the biopsy was

---

[20] R. Doc. No. 4-7, at 1.
[21] Owens contends that the motion to dismiss fails based solely on Dr. Moehlen's concession that he is a VA physician. R. Doc. No. 6, at 3. First, the Court notes that, in his declaration, Dr. Moehlen also states that he is a Tulane physician. R. Doc. No. 4-7, at 1. Second, simply because Dr. Moehlen was employed by the VA does not mean he was working as a VA employee when he performed the biopsy on Owens. Indeed, the VCP appears to have contemplated a situation like this one: the regulations promulgated to implement the VCP state that a provider is eligible to deliver care under the program even "[i]f the provider is an employee of the VA," so long as the provider "is not acting within the scope of such employment while providing hospital care or medical services through the [program]." 38 C.F.R. § 17.1530(a)(2).
[22] *See* R. Doc. No. 6, at 4; *see generally* R. Doc. No. 8.
[23] R. Doc. No. 8, at 2.

9

performed—between 2:21 and 2:23 p.m.[24] The electronic VA time sheet submitted by the government indicates that Dr. Moehlen was only working as a VA employee between 12:30 and 1:30 p.m. that day. This is consistent with the fact that when Dr. Moehlen went back later in the day, after the biopsy, to complete the operative note, he did so after 1:30 p.m. when he was working as a Tulane employee. The same can be said for the discharge order, submitted by Owens as an attachment to his opposition, which is time stamped at 9:54 a.m. and signed by Dr. Moehlen.[25]

Owens's remaining arguments require the Court to conduct entirely too much guesswork. First, Owens references Dr. Moehlen's signature on the discharge order, next to which he appears to have written the letters "VA."[26] Owens argues that the "VA" next to Dr. Moehlen's name supports his argument that Dr. Moehlen was acting in the scope of his employment with the VA when he performed the biopsy.[27] Similarly, Owens relies on a number of documents which he characterizes as "medication orders."[28] According to Owens, the documents demonstrate that Dr. Moehlen ordered medication for him during the time that he was supposedly working for the VA.[29] However, the meaning of the information in the documents is unclear,

---

[24] *Id.*; R. Doc. No. 8-3, at 1–2.
[25] R. Doc. No. 8-1. The Court notes that it is unclear whether Dr. Moehlen signed the discharge order at or around the "run time," which is listed at 9:54 a.m. *See id.* at 1. But assuming he did, as Owens would have the Court believe, it makes sense that, if Dr. Moehlen performed the biopsy in his capacity as a Tulane physician, he completed tasks related to the surgery during the time he was working for Tulane, and *not* during the one-hour period on that date during which he worked as a VA physician.
[26] R. Doc. No. 8-1, at 1.
[27] R. Doc. No. 8, at 1.
[28] *Id.*
[29] *See id.*; R. Doc. No. 8-2, at 12–13.

and the Court will not speculate as to what the information indicates or how the documents should be interpreted. Without more, the cryptic records are simply insufficient to establish this Court's jurisdiction—particularly considering the fact that numerous Restatement factors weigh in favor of finding that Dr. Moehlen was an independent contractor and considering the fact that the Court is required to resolve ambiguities in the government's favor.[30] The FTCA's limited waiver of sovereign immunity does not extend to the tortious acts of independent contractors. *Creel*, 598 F.3d at 213. As a result, Owens has not met his burden, the Court lacks subject matter jurisdiction over this action, and the action must be dismissed.

### IV.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED.**

---

[30] Owens also argues that the government should be estopped from asserting that Dr. Moehlen was an independent contractor. R. Doc. No. 6, at 3. However, "[e]stoppel is rarely valid against the United States." *Peacock*, 597 F.3d at 660. And "the United States may not be subject to estoppel as to matters that would establish jurisdiction in a suit to which the Government has not consented." *Id.* (citing *Andrade v. Gonzalez*, 459 F.3d 538, 545 n.2 (5th Cir. 2006)). Even assuming *arguendo* that estoppel is appropriate here, "[i]n order to establish estoppel against the government, a party must prove affirmative misconduct by the government in addition to the four traditional elements of estoppel." *Id.* at 661 (quoting *Linkous*, 142 F.3d at 277). Owens has not shown, nor alleged, facts that support a showing of affirmative misconduct by the government regarding Dr. Moehlen's employment status, and the Court rejects Owens's judicial estoppel argument.

**IT IS FURTHER ORDERED** that Leonard Owens, Jr.'s claim against the government is **DISMISSED WITHOUT PREJUDICE.**[31]

New Orleans, Louisiana, April 12, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[31] *See Hix v. United States Army Corps of Eng'rs*, 155 F. App'x 121, 128–29 (5th Cir. 2005) (affirming dismissal of the plaintiff's FTCA claims for lack of subject matter jurisdiction but vacating and remanding the case to allow the district court to enter an order of dismissal without prejudice).